IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JILES L. WALLACE,

      Petitioner,                         No. 2:13-cv-1246 CKD P

     vs.

UNKNOWN,                         ORDER and

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

     Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

     The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

     After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies with respect to his claims. The claims have not been presented to

/////

/////

/////

1

1 the California Supreme Court. Further, there is no allegation that state court remedies are no

2 longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1]

3 Accordingly, IT IS HEREBY ORDERED that the Clerk shall assign a district judge to

4 this case.

5 IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

6 corpus be dismissed for failure to exhaust state remedies.

7 These findings and recommendations will be submitted to the United States District

8 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

9 days after being served with these findings and recommendations, petitioner may file written

10 objections with the court. The document should be captioned "Objections to Findings and

11 Recommendations." Petitioner is advised that failure to file objections within the specified

12 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153

13 (9th Cir. 1991).

Dated: June 28, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
wall1246.100fee

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).